# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7494 | **DATE** | 1/29/2004 |
| **CASE TITLE** | Indeck Power Equipment Co. vs. Ring Power Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Motion to Dismiss Count II of Defendant's Counterclaim

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached memorandum opinion, Plaintiff's Motion to Dismiss Count II of Defendant's Counterclaim [Doc. #8] is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 30 2004 date docketed | |
| | Docketing to mail notices. | | | 14 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| jar(lc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| INDECK POWER EQUIPMENT CO. ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 03 C 7494 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| RING POWER CO. ) | |
| ) | |
| Defendant. ) | |

JAN 3 0 2004

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Plaintiff's Motion to Dismiss Count II of Defendant's Counterclaim for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated in this opinion, Plaintiff's Motion is granted.

## Factual and Procedural Background

Plaintiff Indeck Power Equipment Company is an Illinois corporation in the business of buying and leasing permanent and temporary power plant equipment. Defendant Ring Power Corporation is in the business of, among other things, selling and leasing such power plant equipment. In March 2001, Indeck contracted to purchase from Ring twenty-four Caterpillar XQ2000 Trailer Generators. Indeck and Ring entered into twenty-four written Purchase Orders, each five-pages in length, to effectuate the sales.[1] The purchase price of the twenty-four generators exceeded $15,505,000.

On September 26, 2003, Plaintiff Indeck Power Equipment Company ("Plaintiff" or

---

[1] From a cursory examination of the purchase orders, which were attached to the original state court complaint, it appears that the essential terms of the purchase orders are identical.

-1-

"Indeck") filed a two-count complaint in state court alleging that Defendant Ring Power Corporation ("Defendant" or "Ring") breached the express and implied warranties in the Purchase Orders between the parties. On October 23, 2003, Defendant Ring removed this case to federal court. Jurisdiction of the federal court in this case is based on the diverse citizenship of the parties: Indeck is an Illinois corporation and Ring is a Florida corporation.

In its Complaint, Indeck alleges that Ring delivered generators that are not in compliance with the purchase order. Specifically, Indeck asserts that the generators Ring shipped were "Utility Convertible [generators], not Utility Grade [generators]". (Pl. Comp. ¶ 12.) Ring, in its Answer, denied that it shipped the wrong generators to Indeck.

Ring also asserted a two-count Counterclaim against Indeck. In the first Count of the Counterclaim, Ring seeks reformation of the contract to reflect the understanding of the parties at the time of the contract. In Count II of the Counterclaim, Ring states a claim for unjust enrichment against Indeck. Indeck seeks dismissal of Count II for failure to state a claim upon which relief may be granted.

## LEGAL STANDARD

The purpose of a motion to dismiss is to test the legal sufficiency of the claim, not to decide the merits of the case. In evaluating the motion, the Court accepts as true all facts and allegations in the claim and makes all reasonable inferences in the non-movant's favor. See Holman v. Indiana, 211 F.3d 399, 402 (7th Cir. 2000). Claims should only be dismissed if it is clear that no set of facts in support of the claim would entitle the party to relief. See Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

## DISCUSSION

Plaintiff Indeck seeks to dismiss Count II of the counterclaim because it asserts that, under Illinois law, unjust enrichment claims cannot be brought against parties to a contract. Both parties agree that Illinois law governs the dispute in this case. The legal question underlying this motion is whether under Illinois law a party to a contract can sustain a claim for unjust enrichment as a matter of law.

Illinois law is fairly clear on the subject. The Illinois Supreme Court clearly enunciated the principle in 1977: "[W]here there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application." LaThrop v. Bell Federal Sav. & Loan Ass'n, 370 N.E.2d 188, 195 (Ill. 1977). There can be no doubt that this principle remains in force in Illinois law today. See Adams v. American Intern. Group, Inc., 791 N.E.2d 26, 31 (Ill. App. Ct. 2003) ("an action for unjust enrichment that seeks imposition of an implied contract . . . cannot be maintained where an express contract governs the parties"); B & B Land Acquisition, Inc. v. Mandell, 714 N.E. 2d 58, 63 (Ill. App. Ct. 1999) ("Because the theory [of unjust enrichment] is based on an implied contract, it has no application when an express contract governs the relationship between the parties.").

The Defendant seeks to sustain its counterclaim under its permissive capacity to plead in the alternative. Defendant Ring makes clear its belief that it is "entitled to prevail on the Purchase Orders as written" in Count I of its counterclaim. (Def. Counterclaim, Count I, ¶4.) In federal court, parties are entitled to plead alternative theories of relief, "even if the pleadings are inconsistent." See Alper v. Altheimer & Gray, 257 F.3d 680, 681 (7th Cir. 2000). While parties are entitled to plead in the alternative, they can also plead themselves out of court by admitting

facts that would be inconsistent with relief. As discussed above, Illinois law clearly holds that the existence of a contract governing the relationship between two parties precludes relief on an unjust enrichment theory. In its answer, Defendant admits that the parties "entered into twenty-four written Purchase Orders pursuant to which Plaintiff contracted to purchase from Defendant twenty-four Caterpillar XQ2000, trailer generators . . . ." (Def. Ans., ¶5) Consequently, the Defendant has pled itself out of court on its unjust enrichment claim.

In the briefing on the motion, Defendant asserts that its "precautionary, alternative unjust enrichment claim" (Def. Mem. L. at 2) is offered as a hedge "against the theoretical rescission" (Def. Mem. L. at 2) that Plaintiff seeks in its Complaint, (Pl. Comp. ¶ 14). Should the Court order rescission to remedy Plaintiff's alleged damages, Defendant would be entitled to appropriate restitution to restore the parties to the position before the contract. As Defendant points out, the Illinois Supreme Court has announced that "rescission means to restore the parties to their former position; a termination of a contract with restitution." Chicago Limousine Service, Inc. v. Hartigan Cadillac, Inc., 564 N.E.2d 797, 802 (Ill. 1990). Consequently, any moneys that the Defendant would be entitled to under its improperly pled unjust enrichment theory are already accounted for as a necessary concomitant of the rescission remedy.

## CONCLUSION

For the reasons set forth in this opinion, the Court grants Plaintiff's Motion to Dismiss Count II of Defendant's Counterclaim for failure to state a claim upon which relief can be granted.

**Enter:**

_____
**David H. Coar**
**United States District Judge**

**Dated: January 29, 2004**